UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:19-cv-20736-GAYLES/OTAZO-REYES

**CAPITAL SALES & MARKETING, INC.**,

    Plaintiff,

v.

**NCL (BAHAMAS) LTD., a Bermuda Company doing business as Norwegian Cruise Line**,

    Defendant.
_____/

## ORDER

**THIS CAUSE** comes before the Court on Defendant NCL (Bahamas) Ltd. d/b/a Norwegian Cruise Line's Motion to Dismiss Amended Complaint (the "Motion") [ECF No. 29]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the reasons that follow, the Motion is granted in part and denied in part.

### BACKGROUND[1]

This action stems from a business relationship between Plaintiff Capital Sales & Marketing, Inc., a vendor and supplier, and Defendant NCL (Bahamas) Ltd. d/b/a Norwegian Cruise Line. Between July 25, 2018 and February 20, 2019, Plaintiff supplied Defendant with fresh and frozen seafood products through several individual transactions, each of which the parties memorialized through a purchase order that included "Purchase Order Terms & Conditions" (the

---

[1] As the Court is proceeding on a motion to dismiss, it accepts Plaintiff's allegations in the Amended Complaint as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (stating that when reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true).

"Contract"). [ECF No. 21-2 at 3–7]. The Contract contains specific conditions, product specifications, and delivery requirements, and states in pertinent part:

> First occurrence of non-compliance in accordance with the [Contract] will result in probation status for Seller. Any subsequent occurrence of non-compliance will result in [a] 3% penalty of commercial invoice value to Seller. The penalty will be deducted from the amount due to be paid by Buyer from Seller's commercial invoice. . . .
>
> Without limiting its remedies at law or in equity, Buyer may (i) unilaterally reject and refuse any Goods, Services, and Work Product and cancel without liability whatsoever, all or any part of this [purchase order], if Seller fails to deliver all or any part of the Goods, Services, and Work Product in accordance with the terms hereof; and (ii) purchase elsewhere and charge Seller with any loss incurred thereon. . . .
>
> The Parties agree that any product which has not been signed for by Buyer or Buyer's agent as being received shall be deemed to not have been delivered. Seller hereby agrees that Buyer will not be liable for the payment of any products which have not been signed for by Buyer or Buyer's agent.

[ECF No. 21-2 at 4 ¶¶ 13, 16, & 17]. The Contract also stipulates that Florida law controls. *Id.* at 3 ¶ 2.

Through several individual transactions that have not been paid to date, Defendant ordered and received seafood and other products from Plaintiff totaling $667,753.10. Additionally, Defendant refused to accept $99,924.84 worth of inventory and $435,200.00 in additional products that it ordered from Plaintiff. In total, Defendant owes Plaintiff in excess of $1,202,877.90. Plaintiff maintains that it strictly adhered to all the terms of the Contract and that Defendant failed to pay for the goods and services rendered.

On February 25, 2019, Plaintiff filed its original complaint, [ECF No. 1], which the Court dismissed without prejudice as a "shotgun" pleading. [ECF No. 20]. On April 30, 2019, Plaintiff filed an Amended Complaint for breach of contract (Count I) and quantum meruit (Count II) based on Defendant's failure to pay Plaintiff for the goods and services rendered. [ECF No. 21]. On June

7, 2019, Defendant filed the instant Motion, arguing that the Contract negates Plaintiff's breach of contract claim and that Plaintiff fails to properly plead a quantum meruit claim.

## LEGAL STANDARD

To survive a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" meaning that it must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a court must accept well-pleaded factual allegations as true, "conclusory allegations . . . are not entitled to an assumption of truth—legal conclusions must be supported by factual allegations." *Randall v. Scott*, 610 F.3d 701, 709–10 (11th Cir. 2010). "[T]he pleadings are construed broadly," *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the plaintiff. *Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268, 1270 (11th Cir. 2016). At bottom, the question is not whether the claimant "will ultimately prevail . . . but whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011) (internal quotation and citation omitted).

## DISCUSSION

### A. Breach of Contract

Defendant argues that the breach of contract claim must be dismissed because the exhibits attached to the Amended Complaint negate and contradict Plaintiff's claims. In Florida, "[t]he elements of a breach of contract action are (1) a valid contract; (2) a material breach; and (3) damages." *Beck v. Lazard Freres & Co., LLC*, 175 F.3d 913, 914 (11th Cir. 1999) (citing *Abruzzo*

3

*v. Haller*, 603 So. 2d 1338, 1340 (Fla. 1st DCA 1992)). The Court finds that Plaintiff adequately pleads its breach of contract claim in the Amended Complaint. Plaintiff alleges the existence of a valid contract between the parties as exhibited in the multiple purchase orders. Plaintiff argues that Defendant breached the Contract by "failing to make payment in the invoiced amount for goods sold and delivered, and by failing to accept product[s] purchased and held by" Plaintiff on Defendant's behalf. [ECF No. 21 at 2 ¶¶ 7–8]. Plaintiff also claims that it suffered damages in excess of $1,202,877.90 as a result of Defendant's breach. *Id.* at 3 ¶ 10.

Defendant does not dispute that Plaintiff properly alleges the elements of a breach of contract claim—for example, by failing to allege one of the elements. Rather, Defendant argues that the language of the Contract precludes Plaintiff's claim because (1) Defendant did not sign for the disputed products and (2) Plaintiff did not "strictly comply" with the "requisite terms and conditions, product specifications, and delivery requirements." Defendant points to specific contractual provisions and examples of Plaintiff's alleged failure to "strictly comply" with the Contract, as exhibited in the attachments to the Amended Complaint.

Generally, a district court may "consider exhibits attached to a complaint in ruling on a motion to dismiss, and if the allegations of the complaint about a particular exhibit conflict with the contents of the exhibits itself, the exhibit controls." *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) (citations omitted); *see also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). And, in determining whether a breach of contract exists, "where the language of a contract is unambiguous and not subject to conflicting inferences, construction of the contract is a question of law for the court." *Maor v. Dollar Thrifty Auto. Grp., Inc.*, 303 F. Supp. 3d 1320, 1324 (S.D. Fla. 2017)

(quoting *Tulepan v. Roberts*, No 14-CIV-80574, 2015 WL 235441, at *14 (S.D. Fla. Jan. 16, 2015)).

Defendant's arguments essentially require the Court to analyze and interpret the language of the Contract and come to conclusions as to what transpired between the parties and the reasons for the parties' respective actions. However, the exhibits attached to the Amended Complaint do not conclusively show that Plaintiff is barred from bringing a breach of contract claim, nor do they negate Plaintiff's allegations. Rather, the parties differing interpretations of the Contract and whether their independent actions constitute a breach "demonstrate that this issue is not ripe for decision at the motion to dismiss stage." *Larach v. Standard Chartered Bank Int'l (Americas) Ltd.*, 724 F. Supp. 2d 1228, 1239 (S.D. Fla. 2010). Defendant's arguments are more properly presented at summary judgment, following discovery and a fully-developed record. *See Mt. Hawley Ins. Co. v. Pallet Consultants Corp.*, No. 06-CIV61773, 2009 WL 395335, at *3 (S.D. Fla. Feb. 17, 2009) ("The arguments made by [defendant] raise issues of fact which this Court cannot resolve on a motion to dismiss. After discovery and upon a motion for summary judgment, the Court will be in a better position to draw conclusions based upon evidence presented on these issues."). Because the meaning and application of the terms of the Contract have yet to be determined, the Motion is denied as to the breach of contract claim.

### B.     Quantum Meruit

Defendant also seeks to dismiss Plaintiff's quantum meruit claim, arguing that Plaintiff failed to allege that an adequate remedy at law is not available and failed to allege that Defendant contests the validity of the Contract. Quantum meruit is a "legal doctrine which, in the absence of an express agreement, imposes legal liability on a contract that the law implies from facts where one receives goods or services from another . . . where . . . a reasonable person receiving such

5

benefit would ordinarily expect to pay for it." *Safeguard Support Servs., LLC v. Nationwide Referral Servs., LLC*, No. 11-CIV-61977, 2011 WL 12317971, at *12 (S.D. Fla. Dec. 15, 2011) (quoting *Osteen v. Morris*, 481 So. 2d 1287, 1289–90 (Fla. 5th DCA 1986)). To properly bring a claim for quantum meruit, a plaintiff must show that:

> (1) the plaintiff has conferred a benefit on the defendant; (2) the defendant has knowledge of the benefit; (3) the defendant has accepted or retained the benefit conferred; and (4) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying fair value for it.

*Posely v. Eckerd Corp.*, 433 F. Supp. 2d 1287, 1314 (S.D. Fla. 2006) (citing *Hull & Co., Inc. v. Thomas*, 834 So. 2d 904, 907 (Fla. 4th DCA 2003)); *see also Merle Wood & Assocs., Inc. v. Trinity Yachts, LLC*, 714 F.3d 1234, 1237 (11th Cir. 2013) (quoting *Com. P'ship 8098 Ltd. P'ship v. Equity Contracting Co., Inc.*, 695 So. 2d 383, 386 (Fla. 4th DCA 1997)) (reciting the elements of a quantum meruit claim).

"Quantum meruit is premised upon the absence of an express and enforceable agreement; accordingly, the existence of a valid, written contract between the parties necessarily precludes the doctrine's application." *Daake v. Decks N Such Marine, Inc.*, 201 So. 3d 179, 181 (Fla. 1st DCA 2016) (citing *Corn v. Greco*, 694 So. 2d 833, 834 (Fla. 2d DCA 1997)); *see also Energy Smart Indus., LLC v. Morning View Hotels-Beverly Hills, LLC*, 112 F. Supp. 3d 1330, 1337 (S.D. Fla. 2015) (citations omitted) ("[A] plaintiff cannot pursue an equitable theory, such as unjust enrichment or quantum meruit, to prove entitlement to relief if an express contract exists."). "A quantum meruit action may lie 'where there is no enforceable express or implied in fact contract but where the defendant has received something of value.'" *Posely*, 433 F. Supp. 2d at 1314 (quoting *Com. P'ship 8098 Ltd. P'ship*, 695 So. 2d at 387). Thus, while a plaintiff may pursue inconsistent or alternative theories of relief, *see* Fed. R. Civ. P. 8(d)(2), a claim for quantum meruit must be dismissed where an express contract exists. *See, e.g.*, *Mancini Enters., Inc. v. Am. Exp.*

*Co.*, 236 F.R.D. 695, 699 (S.D. Fla. 2006) (plaintiff permitted to plead equitable claims in the alternative because "the existence of express contracts between the Parties ha[d] yet to be proven" but would be dismissed if an express contract did exist); *see also Cross v. Strader Const. Corp.*, 768 So. 2d 465, 466 (Fla. 2d DCA 2000) ("Quantum meruit damages cannot be awarded when an enforceable contract exists." (citation omitted)); *Corn*, 694 So. 2d at 834 ("Quantum meruit relief is founded upon the legal fiction of an implied contract. This fiction cannot be maintained, however, when the rights of the parties are described in a written contract." (citations omitted)).

The Court finds that Plaintiff's quantum meruit claim fails for two reasons. First, Plaintiff fails to allege all the elements of a quantum meruit claim. Plaintiff properly alleges that it conferred a benefit on Defendant in excess of $1,202,877.90 and Defendant had knowledge of the benefit. *See* [ECF No. 21 at 3 ¶¶ 12–13]. However, Plaintiff fails to allege that Defendant accepted or retained the benefit conferred or that it would be inequitable for Defendant to retain the benefit. *See Posely*, 433 F. Supp. 2d at 1314 (citation omitted).

Second, Plaintiff fails to properly bring its quantum meruit claim in the alternative. Here, neither party challenges the existence, validity, or enforceability of the Contract in dispute; instead, both equally rely on it to bring forth their claims. *See, e.g.*, *Energy Smart Indus., LLC*, 112 F. Supp. 3d at 1337 ("[B]ecause both parties agree that there exists a valid and enforceable express contract, . . . [plaintiff's] equitable claims do not survive."); *see also Southgate Constructors, LLC v. Renar Dev. Co.*, No. 07-CIV-14332, 2008 WL 11333294, at *2 (S.D. Fla. Jan. 18, 2008), *report and recommendation adopted*, 2008 WL 11331845 (S.D. Fla. Feb. 29, 2008) ("The undisputed existence of a contract . . . generally defeats . . . quantum meruit . . . [because it] contradicts the very basis of quasi-contract theory."). Moreover, Plaintiff attaches to its Amended Complaint the

Contract at issue. *See* [ECF No. 21-1]. Because neither party challenges the existence of a contract governing the parties' actions, Plaintiff's quantum meruit claim must be dismissed.

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Defendant NCL (Bahamas) Ltd. d/b/a Norwegian Cruise Line's Motion to Dismiss Amended Complaint, [ECF No. 29], is **DENIED** as to Count I (breach of contract) and **GRANTED** as to Count II (quantum meruit); and

2. Count II (quantum meruit) of the Amended Complaint, [ECF No. 21], is **DISMISSED without prejudice**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 23rd day of October, 2020.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE